22643

The STATE, Respondent v. Larry FELDER, Appellant.

(351 S. E. (2d) 852)

Supreme Court

*Assistant Appellate Defender Daniel T. Stacey,* of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. Randolph Murdaugh, Jr.,* Hampton, *for respondent.*

Heard Nov. 17, 1986.

Decided Dec. 29, 1986.

HARWELL, Justice:

Appellant and his two codefendants were tried before a jury. Appellant was found guilty of second degree criminal sexual conduct and third degree burglary. The appellant was sentenced to concurrent sentences of fifteen years and two years, respectively. At trial, all three codefendants were represented by the same attorney.

Appellant claims that he was denied effective assistance of counsel due to the court's failure to inquire whether a conflict of interest existed. According to appellant, the conflicting oral and written statements of the codefendants should have put the trial court on notice that the lawyer was confronted with a conflict of interest. Appellant contends that the trial court incurred a duty to inquire into this matter based on the United States Supreme Court's holdings in *Wood v. Georgia*, 450 U. S. 261, 101 S. Ct. 1097, 67 L. Ed. (2d) 220 (1981) and *Cuyler v. Sullivan*, 446 U. S. 335, 100 S. Ct. 1708, 64 L. Ed. (2d) 333 (1980). Without addressing the merits of appellant's claim, we hold that post-conviction relief rather than a direct appeal is the proper avenue of relief in this case.

It is a well established rule of appellate practice that, except in death penalty cases, questions neither presented to nor passed upon by the trial court cannot be raised for the first time on appeal. *State v. Beachum*, 288 S. C. 325, 342 S. E. (2d) 597 (1986); *State v. Newton*, 274 S. C. 287, 262 S. E. (2d) 906 (1980). This Court usually will not consider an ineffective assistance of counsel issue on appeal from a conviction. *See, e.g., State v. Carpenter*, 277 S. C. 309, 286 S. E. (2d) 384 (1982). This is especially true where, as here, the issue below was not presented to the trial court and, therefore, there is nothing in the record for us to review. "The effect of efforts to raise this point [ineffective assistance of counsel claim] is to request this Court to hear the matter in our original jurisdiction. This is an appellate court for the correction of errors of law committed at the trial level. This question was not pursued at the trial level, and we decline to try it now." *State v. Williams*, 266 S. C. 325, 337,

223 S. E. (2d) 38, 44 (1976).

Under the facts in the present case, appellant must assert his claim under the Uniform Post-Conviction Procedure Act, S. C. Code Ann §§ 17-27-10 through 17-27-120 (1976). The conviction is therefore

Affirmed.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.