477 S.E.2d 713

**In the Interest of ANTONIO H., a minor under the age of seventeen years, Petitioner.**

No. 24506.

Supreme Court of South Carolina.

Heard Sept. 18, 1996.

Decided Oct. 28, 1996.

Lisa T. Gregory of the South Carolina Office of Appellate Defense, for petitioner.

Attorney General Charles Molony Condon, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Robert F. Daley, Jr., Columbia; and Solicitor Walter M. Bailey, Jr., Summerville for respondent.

PER CURIAM:

We granted a writ of certiorari to review the Court of Appeals' opinion in *In The Interest of Antonio H.*, 319 S.C. 395, 461 S.E.2d 825 (Ct.App.1995). We reverse.

This case involves the guilty plea of an eleven year old minor to petit larceny, use of a vehicle without permission, and violation of house arrest.[1] Subsequent to his guilty plea on these charges, he was brought before a different judge on an unrelated charge of criminal sexual conduct. At that time, the solicitor advised the court that a competency evaluation performed after the CSC charge was filed revealed the minor suffered mild mental retardation. The state then stipulated that the minor was incompetent and that it would *nolle prosse* the charge. The judge found the minor was not competent to stand trial on the CSC charge.

Thereafter, a dispositional hearing was held on the earlier plea to petit larceny, et al. Although counsel advised the court of the finding of incompetency on the CSC charge, no motion for a competency hearing was made, nor any other relief sought. The minor was sentenced to the Department of Juvenile Justice for an indeterminate period, not to exceed his twenty first birthday.

---

1. The minor turned 12 years old prior to the dispositional hearing.

■ The sole issue raised to the Court of Appeals was whether the trial court erred in failing to make a determination of the minor's competency **to enter his guilty plea.** However, that issue was not raised at the time of the plea, nor was it raised to the judge at the dispositional hearing.[2] Accordingly, the issue was procedurally barred. The proper avenue in which to challenge a guilty plea which is not objected to at the time of its entry is through post conviction relief. *Jeter v. State,* 308 S.C. 230, 417 S.E.2d 594 (1992); *State . v. McKinney,* 278 S.C. 107, 292 S.E.2d 598 (1982).

■ The Court of Appeals nonetheless went on to hold that the judge at the dispositional hearing should have ordered a competency hearing to determine whether the minor was competent **to be sentenced.** As this was not the issue presented to it, the Court of Appeals erred in addressing it. *Smith v. Phillips,* 318 S.C. 453, 458 S.E.2d 427 (1995); *Connolly v. People's Life Ins.,* 299 S.C. 348, 384 S.E.2d 738 (1989); *State v. Felder,* 290 S.C. 521, 351 S.E.2d 852 (1986).

Accordingly, the judgment below is

REVERSED.

---

2. Moreover, there was no evidence of incompetence at the time of the plea.