THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Randall Theodore Adkins,       
Appellant.
 
 
 

Appeal From Anderson County
J. Cordell Maddox, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP- 044
Submitted November 19, 2003 – Filed 
 January 21, 2004

AFFIRMED

 
 
 
S. Paul Aaron of Clemson, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia;  and 
 Solicitor Druanne Dykes White, of Anderson, for Respondent.
 
 
 

PER CURIAM:  Appellant, Randall Theodore 
 Adkins, pled guilty to committing a lewd act upon a child under the age of sixteen.  
 The trial judge accepted Adkins’ guilty plea and sentenced him to three years 
 imprisonment, suspended with probation for five years.  Adkins appeals, contending 
 he did not intelligently, knowingly, and voluntarily enter a plea of guilty 
 because neither the trial judge nor his attorney informed him of the requirement 
 that he register as a sexual offender as a consequence of his plea.  We affirm 
 pursuant to Rule 220(b)(2), SCACR and the following authorities:  State v. 
 Barton, 325 S.C. 522, 530 n. 6, 481 S.E.2d 439, 443 n. 6 (Ct. App. 1997) 
 (any challenge to the knowing and voluntary nature of appellant’s plea could 
 be raised only in a petition for post-conviction relief); In the Interest 
 of Antonio H., 324 S.C. 120, 122, 477 S.E.2d 713, 714 (1996) (where sole 
 issue before appellate court was competency to enter plea and issue was not 
 raised at the time of the plea, issue was procedurally barred; proper avenue 
 to challenge a guilty plea which was not objected to at the time of its entry 
 was through post-conviction relief); State v. McKinney, 278 S.C. 107, 
 108, 292 S.E.2d 598, 599 (1982) (absent timely objection at a plea proceeding, 
 the unknowing and involuntary nature of a guilty plea can only be attacked through 
 the more appropriate channel of post-conviction relief).
AFFIRMED.
HUFF, STILWELL, and BEATTY, JJ., concur.