THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD 
 NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Worley Lee Brown,       
Appellant.
 
 
 

Appeal From Anderson County
J. C. Buddy Nicholson, Jr., Circuit 
 Court Judge

Unpublished Opinion No. 2004-UP-197
Submitted February 9, 2004  Filed March 
 25, 2004.

AFFIRMED

 
 
 
H.W. Pat Paschal, Jr., of Greenville and L. Patrick Mulligan, 
 of Dayton, Ohio, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Assistant Attorney General Deborah R.J. Shupe, all of Columbia; and Solicitor 
 Druanne Dykes White, of Anderson, for Respondent.
 
 
 

PER CURIAM:  Worley Lee Brown was indicted 
 on one count of first-degree criminal sexual conduct with a minor and one count 
 of committing or attempting a lewd act upon a child under the age of sixteen.  
 He was convicted on the second charge and sentenced to fifteen years incarceration, 
 suspended upon service of ten years and five years probation.  He raises several 
 issues on appeal.  We affirm. [1] 
   
FACTS
Victim, a ten-year-old female, was spending the 
 night at the home of Worley Lee Brown and his wife, Annie Brown.  Victim 
 wanted to play a computer game, and Brown agreed to help her.  Annie walked 
 up to them while they were playing the game and saw Browns hand on Victims 
 genital area.  Upon seeing this, Annie became upset and told Brown to leave 
 the house.  
The incident was reported to Rusty Garrett, 
 an investigator with the Anderson County Sheriffs Department.  With Investigator 
 Jami Brothers, Garrett interviewed Victim at her school.  Brown was indicted 
 following the investigation.  
Brown voluntarily submitted to a polygraph examination.  
 During an interview before the examination, Brown stated Victim had put his 
 hand down her panties immediately before Annie walked up, and admitted there 
 was a possibility that his finger penetrated Victims vagina.  
At trial, Victim testified Brown had touched 
 her breasts and her vagina.  
The State then called Dr. Horace Smith, a pediatrician 
 and expert in child sexual assault who had examined Victim.  When the State 
 asked Dr. Smith what Victim had given him as far as background or history, Brown 
 objected.  Outside the jurys presence, Browns attorney argued:  

Your Honor, according to the State v. Dawkins and 
 Jolly v. State, my objection is, number one, its hearsay; and, number 
 two, its corroboration or bolstering of her witness.  And they  she can introduce 
 evidence that this person indicated there was an assault, but its limited.  
 The details and the particulars are not admissible, but so much of the complaint 
 as identifies a time and a place may be shown.

The court overruled Browns objection, and Dr. Smith 
 testified Victim told him someone had touched her on her genital area on more 
 than one occasion, and that it sometimes hurt.  He also testified Victim told 
 him she was touched repeatedly on the breasts.  
During the States direct examination 
 of Annie, Brown objected to a leading question and was overruled.  After Brown 
 cross-examined Annie, the court indicated that Browns objection was overruled 
 pursuant to Rule 611(c), SCRE, because Annie was very well identified with 
 Brown because she had been married to him for twenty years.  Accordingly, the 
 trial court allowed the State to ask Annie leading questions on re-direct examination.  

During the cross-examination of Mary 
 Lesley, one of Browns neighbors, Brown asked if Annie had ever told her that 
 Victim had accused her grandfather of molesting her.  The court sustained the 
 States objection to the question.  At the conclusion of her testimony, and 
 outside the jurys presence, Lesley stated that she was unaware of any allegations 
 about Victims grandfather.  
LAW/ANALYSIS
I.  Other Bad Acts
Brown contends the trial court erred in permitting 
 evidence that Brown had touched Victims breasts at least ten times.  He argues 
 this evidence, provided through Victims testimony and Dr. Smiths testimony, 
 constituted impermissible bad acts evidence.  This issue is not preserved.
To be preserved for appellate review, an issue 
 must have been raised to and ruled on by the trial judge.  Brown did not object 
 to Victims testimony regarding these acts.  Thus this issue is not preserved 
 as to her testimony.  See State v. Perez, 334 S.C. 563, 565-66, 
 514 S.E.2d 754, 755 (1999) (issues not raised to and ruled upon by the trial 
 court will not be considered on appeal).  Further, although Brown did object 
 to Dr. Smiths testimony regarding these acts, his only objection to this testimony 
 was that it constituted hearsay and improper corroboration.  Because his argument 
 on appeal differs from the one asserted at trial, it is also not preserved for 
 our review.  State v. Bailey, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989) 
 (holding a party cannot argue grounds on appeal different than those argued 
 to the trial judge).
II.  Rape Shield Law
Brown argues the trial court improperly 
 excluded under the rape shield statute evidence of unpursued sexual abuse accusations 
 Victim made against her grandfather.  We find no error.
During cross-examination of Browns neighbor 
 Mary Lesley, Brown asked if Annie told her Victim had initially accused her 
 grandfather of the sexual abuse in question.  When the State objected, 
 the trial court held a bench conference and sustained the objection.  Neither 
 the grounds for the objection nor the courts rationale in sustaining it appear 
 in the record.
Although the record does not reflect 
 the courts reasoning, we find the objection was properly sustained because 
 the testimony would have been impermissible hearsay.  Repeating whether Annie 
 had told her about an accusation made by Victim would have been offered for 
 the truth of the matter assertedthat Victim accused her grandfather of sexual 
 abuseand does not fall within any of the exceptions to the rule against hearsay.  
 Rule 801, SCRE (hearsay is an out-of-court statement offered in court to prove 
 the truth of the matter asserted); 802, SCRE (hearsay is inadmissible except 
 as provided in statute or court rule); 803, SCRE (hearsay exceptions  availability 
 of declarant immaterial).  Thus the trial court properly excluded the testimony.  
 See IOn, L.L.C. v. Town of Mt. Pleasant, 338 S.C. 406, 418-21, 
 526 S.E.2d 716, 721-25 (2000) (holding an appellate court can affirm for any 
 reason appearing in the record).  Additionally, at the conclusion of Lesleys 
 testimony, she testified outside the jurys presence she was not aware of any 
 allegations against Victims grandfather.  Thus, Brown could not have 
 been prejudiced by the exclusion of Lesleys testimony on the matter.  
III.  Bolstering Hearsay
Brown asserts the trial court erred in 
 allowing corroborative testimony from Dr. Smith, Inspector Garrett, and Inspector 
 Brothers.  He contends their testimony improperly bolstered Victims testimony.  
 Additionally, he argues the prosecutor personally bolstered Victims testimony 
 by asking her about prior conversations she had with the prosecutor and Dr. 
 Smith.  We find no error.
Initially we note Brown did not object 
 to any corroborative testimony offered by Inspectors Garrett and Brothers.  
 Thus this issue is not preserved as to these grounds.  
Brown did object to Dr. Smiths testimony, but 
 the same was permitted under the well-recognized medical diagnosis and treatment 
 exception to the hearsay rule.  Dr. Smith testified the child reported she was 
 repeatedly touched on the breasts, touched on her vagina, and that sometimes 
 the vaginal contact hurt.  Because this information was necessary for Dr. Smith 
 to better assess any mental and physical injury, the testimony was admissible 
 under the hearsay exception for statements made for purposes of medical diagnosis 
 or treatment.  Rule 803(4), SCRE.
IV.  Ineffective Assistance of Counsel
Brown contends his conviction should be 
 reversed because his trial counsel was ineffective for allowing him to submit 
 to a polygraph examination and for failing to accompany him during the examination.
This court is an appellate court for the correction 
 of errors of law committed at the trial level.  We do not consider claims of 
 ineffective assistance of counsel on direct appeal from convictions.  Instead, 
 such claims should be brought in a proceeding for post-conviction relief.  State 
 v. Felder, 290 S.C. 521, 522, 351 S.E.2d 852, 852 (1986) (Without addressing 
 the merits of appellants claim, we hold that post-conviction relief rather 
 than a direct appeal is the proper avenue of relief in this case.).  
V.  Redirect Examination of Annie Brown
Brown asserts the trial court erred in 
 allowing the State to ask Annie leading questions on redirect.  We disagree.
Ordinarily, leading questions should not 
 be used on direct examination except as necessary to develop the witness testimony.  
 Rule 611(c), SCRE.  However, [w]hen a party calls a hostile witness, an adverse 
 party, or a witness identified with an adverse party, interrogation may be by 
 leading questions.  Id.  Contrary to Browns contention that the trial 
 court declared Annie a hostile witness, the court clearly indicated it was allowing 
 leading questions under Rule 611(c), SCRE because Annie was identified with 
 Brown.  At the time she testified at trial, Annie had been married to Brown 
 for almost twenty years.  Given that she was testifying for the State while 
 married to the defendant, we find no error in the courts conclusion that she 
 identified with an adverse party.  Id.  Accordingly, the trial court 
 acted well within its discretion under Rule 611 in allowing the State to elicit 
 Annies testimony through leading questions.
VI.  Cumulative Errors
Having concluded each of Browns issues lack merit, 
 we find application of the cumulative error doctrine inappropriate in this case.
 AFFIRMED.
 HUFF and STILWELL, JJ., and CURETON, A.J., concur.

 
 [1] 
        We decide this case without oral argument pursuant to Rule 215, SCACR.