THIS OPINION HAS NO 
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY 
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Bucky Mitchell, Appellant.
 
 
 

Appeal From Richland County
 G. Thomas Cooper, Jr., Circuit Court 
 Judge

Unpublished Opinion No.  2004-UP-629
Submitted December 1, 2004  Filed December 
 14, 2004

DISMISSED

 
 
 
Assistant Appellate Defender Tara S. Taggart, of Columbia, for Appellant.
Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, 
 Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney 
 General W. Rutledge Martin, all of Columbia; and Solicitor Warren Blair Giese, 
 of Columbia, for Respondent.
 
 
 

PER CURIAM: Bucky Mitchell appeals the lower courts acceptance of his 
 guilty plea.  We dismiss. [1]   

FACTS
In December 2000, a Richland County grand jury indicted Bucky Mitchell on four 
 counts: two kidnapping charges and two charges of criminal sexual conduct with 
 a minor in the second degree.  Prior to opening statements at trial, Mitchell 
 entered a negotiated plea of guilty but mentally ill on a single count of criminal 
 sexual conduct with a minor and the State dismissed the other charges.  The 
 lower court accepted Mitchells plea and sentenced him to seven years.  This 
 appeal follows.           
LAW/ANALYSIS
Mitchell argues that his guilty plea failed to comply with Boykin v. Alabama, 
 395 U.S. 238 (1969), which requires guilty pleas be voluntarily and intelligently 
 made.  We find that Mitchell failed to properly preserve the issue below.  Mitchell 
 made no objection at the plea proceeding.  Failure of a defendant to assert 
 that his guilty plea was not knowing and intelligent precludes consideration 
 of the issue on appeal.  State v. McKinney, 278 S.C. 107, 108, 292 S.E.2d 
 598, 599 (1982).  The proper avenue in which to challenge a guilty plea that 
 was not objected to at the time of its entry is through post-conviction relief.  
 In re Antonio H., 324 S.C. 120, 477 S.E.2d 713 (1996).  
DISMISSED.
ANDERSON, STILWELL, and SHORT JJ., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.