THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Heather R. Herring, Appellant.
 
 
 

Appeal from Dorchester County
James C. Williams, Jr., Circuit Court Judge    

Unpublished Opinion No. 2005-UP-616
 Submitted December 1, 2005  Filed December 8, 2005   

 AFFIRMED

 
 
 
Acting Chief Attorney Joseph L. Savitz, III, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor David M. Pascoe, Jr., of Summerville, for Respondent.
 
 
 

PER CURIAM: Heather R. Herring pled guilty to resisting arrest.  She was sentenced to one year imprisonment, suspended upon the service of two years probation.  On appeal, Herring argues the court should vacate her guilty plea because the States evidence does not provide a sufficient factual basis for her plea.  We affirm.[1]
FACTS
On May 27, 2004, Dorchester County police officers approached 129 Russell Street in Dorchester County with a bench warrant for Heather Herrings arrest.  The officers had been informed that Herring was inside the Russell Street residence.  After the officers entered the trailer, they called out loudly for Herring.  Although Herring was inside, she did not answer the officers calls.  Instead, she was hiding from the officers in the shower.  The officers searched the residence and found Herring, fully clothed, in the master bathroom shower.
Herring pled guilty to resisting arrest.  The Solicitor recommended two years probation.  The Circuit Judge sentenced Herring to one year, suspended upon the service of two years probation.
DISCUSSION
Herring contends [t]he States evidence does not provide a sufficient factual basis for Herrings guilty plea to a violation of S.C. Code Section 16-9-320(A).  Herrings assertion is meritless.
The usual colloquy occurred between the judge, Herring and defense counsel regarding whether Herring was knowingly, intelligently, and voluntarily pleading guilty to the charges.  The judge advised Herring as to her constitutional rights and waiver thereof, inquired into the circumstances of her guilty plea, fully explained the charges and sentencing consequences, and properly determined the plea was knowingly and voluntarily made.  Moreover, there was no objection during the guilty plea proceeding.  Thus, Herring is barred from challenging her guilty plea on direct appeal.  See In the Interest of Antonio H., 324 S.C. 120, 477 S.E.2d 713 (1996) (proper avenue in which to challenge guilty plea which is not objected to at time of its entry is through post-conviction relief); State v. Williams, 303 S.C. 410, 401 S.E.2d 168 (1991) (defendant must object at first opportunity to preserve issue for appellate review; alleged error must be raised to and ruled on by trial judge); State v. McKinney, 278 S.C. 107, 292 S.E.2d 598 (1982) (absent timely objection at plea proceeding, unknowing and involuntary nature of guilty plea can be attacked only through more appropriate channel of post-conviction relief).
CONCLUSION
Accordingly, Herrings conviction and sentence are
 AFFIRMED.
GOOLSBY, ANDERSON and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.