**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Jamal Lindsey, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2012-212079

———————————

Appeal From Saluda County
William P. Keesley, Post-Conviction Relief Judge
R. Ferrell Cothran, Jr., Plea Judge

———————————

Unpublished Opinion No. 2014-UP-461
Submitted November 1, 2014 – Filed December 17, 2014

———————————

**AFFIRMED**

———————————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Petitioner.

Attorney General Alan McCroy Wilson and Assistant Attorney General John Walter Whitmire, both of Columbia, for Respondent.

———————————

**PER CURIAM:**  Petitioner seeks a writ of certiorari from the denial of his application for post-conviction relief (PCR).

Because there is sufficient evidence to support the PCR court's finding that Petitioner did not knowingly and intelligently waive his right to a direct appeal, we grant certiorari on Petitioner's Question One and proceed with a review of the direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986). We otherwise deny the petition for a writ of certiorari.

Petitioner asserts the plea court erred in accepting his guilty plea without requiring an admission of guilt. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. McKinney*, 278 S.C. 107, 108, 292 S.E.2d 598, 599 (1982) ("Absent timely objection at a plea proceeding, the unknowing and involuntary nature of a guilty plea can only be attacked through the more appropriate channel of [PCR]."); *In re Antonio H.*, 324 S.C. 120, 122, 477 S.E.2d 713, 714 (1996) (finding an issue was procedurally barred when it "was not raised at the time of the plea, nor was it raised to the [court] at the dispositional hearing").

**AFFIRMED.**[1]

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.