**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Larry White, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2020-001607

———

Appeal From Marion County
William H. Seals, Plea Judge
D. Craig Brown, Post-Conviction Relief Judge

———

Unpublished Opinion No. 2023-UP-316
Submitted September 1, 2023 – Filed September 27, 2023

———

**AFFIRMED**

———

Thurmond Brooker, of Brooker Law Firm, of Florence,
for Petitioner.

Attorney General Alan McCrory Wilson and Assistant
Attorney General D. Russell Barlow, II, both of
Columbia, for Respondent.

———

**PER CURIAM:**  Petitioner seeks a writ of certiorari from the denial of his
application for post-conviction relief (PCR).  Because there is sufficient evidence
to support the PCR court's finding that Petitioner did not knowingly and

intelligently waive his right to a direct appeal, we grant certiorari on Petitioner's Question One and proceed with a review of the direct appeal issues pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986). We deny certiorari on Petitioner's Question Two.

On direct appeal, Petitioner argues the plea court erred by accepting his guilty pleas because it failed to advise him that he would be subject to a mandatory life sentence if he were ever convicted of another "serious" offense and he would not be eligible for parole until he served at least 85% of the negotiated sentence of fifteen years' imprisonment. We hold this issue is not preserved for appellate review because Petitioner did not raise it to the plea court during the plea hearing. *See In re Antonio H.*, 324 S.C. 120, 122, 477 S.E.2d 713, 714 (1996) (stating that a defendant must raise an issue at the time of his plea to preserve it for appeal).

Petitioner also argues the plea court lacked subject matter jurisdiction to accept Petitioner's plea to first-degree burglary because the indictment failed to allege that Petitioner entered a dwelling *without consent*. We find the plea court had subject matter jurisdiction to accept Petitioner's plea to first-degree burglary because the sufficiency of the indictment is not a jurisdictional issue. *See State v. Gentry*, 363 S.C. 93, 101, 610 S.E.2d 494, 499 (2005) ("[S]ubject matter jurisdiction . . . and the sufficiency of the indictment are two distinct concepts."). Moreover, we find Petitioner's argument regarding whether the indictment was sufficient is not preserved for appellate review because it was raised for the first time on appeal. *See id.* at 103, 610 S.E.2d at 500 (finding a challenge to the sufficiency of an indictment was not preserved because it was raised for the first time on appeal).

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.