**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Devin Lavar Outen, Appellant.

Appellate Case No. 2021-001241

———————

Appeal From Horry County
Steven H. John, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-331
Submitted September 1, 2024 – Filed October 2, 2024

———————

**AFFIRMED**

———————

Ralph James Wilson, Jr., and Lauren Kay Anderson, both of Ralph Wilson Law, PC, of Myrtle Beach, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, all for Respondent.

———————

**PER CURIAM:** Devin Lavar Outen appeals his conviction for attempted first-degree burglary and his sentence of twenty years' imprisonment. On appeal, Outen argues the trial court erred when it (1) denied his motion for a directed verdict after the State failed to put forth evidence he had intent to commit a crime within the dwelling; (2) allowed his counsel to make an inflammatory statement before the jury; and (3) found his statements to law enforcement were voluntary. We affirm pursuant to Rule 220(b), SCACR.

1. We hold Outen's argument that the trial court erred in denying his motion for a directed verdict because the State failed to present evidence of his intent to commit a crime within the dwelling is not preserved for review because he argued before the trial court that the State failed to present evidence of his identity as the perpetrator. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal."); *State v. Kennerly*, 331 S.C. 442, 455, 503 S.E.2d 214, 221 (Ct. App. 1998) ("[I]ssues not raised to the trial court in support of the directed verdict motion are not preserved for appellate review. A defendant cannot argue on appeal an issue in support of his directed verdict motion when the issue was not presented to the trial court below." (citation omitted)).

2. We hold Outen's argument regarding trial counsel's allegedly inflammatory statement is not preserved for appellate review because no objection was made before the trial court. *See Dunbar*, 356 S.C. at 142, 587 S.E.2d at 693-94 ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal."). Outen's trial counsel commented to the victim that he wanted to begin his cross-examination by "recognizing [her] bravery in th[e] situation." No objection was made; therefore, this argument is not preserved. *See State v. Felder*, 290 S.C. 521, 522, 351 S.E.2d 852, 852 (1986) (holding direct appeal is not the proper avenue for allegations of ineffective assistance of counsel).

3. We hold Outen's argument that his custodial statements were involuntary is meritless because the State never sought to introduce Outen's interrogation during trial. *See Springob v. Farrar*, 334 S.C. 585, 592, 514 S.E.2d 135, 139 (Ct. App. 1999) (declining to issue an advisory opinion addressing a legal issue that was purely academic).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.