**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Haneef Aquil Childs, Appellant.

Appellate Case No. 2021-000688

———————————

Appeal From Marlboro County
Benjamin H. Culbertson, Circuit Court Judge

———————————

Unpublished Opinion No. 2025-UP-251
Submitted June 1, 2025 – Filed July 23, 2025

———————————

**AFFIRMED**

———————————

Aimee Jendrzejewski Zmroczek, of A.J.Z. Law Firm, LLC., of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia, for Respondent.

———————————

**PER CURIAM:** Haneef Aquil Childs appeals his guilty but mentally ill (GBMI) plea to voluntary manslaughter and his sentence of twenty-five years' imprisonment. On appeal, Childs argues the plea court erred in (1) accepting his

GBMI plea without first determining he was mentally competent; (2) accepting his GBMI plea without inquiring "in any depth as to [the] nature and effect of medications" Childs was taking; (3) accepting his GBMI plea without an on-the-record finding that a factual basis for the guilty plea existed; (4) accepting his GBMI plea without an on-the-record finding that Childs was mentally ill; (5) accepting his GBMI plea when Childs was insane at the time of the crime; and (6) denying his motion to withdraw his GBMI plea or, in the alternative, reconsider his sentence. We affirm pursuant to Rule 220(b), SCACR.

1. We hold Childs failed to preserve his argument that the plea court erred in accepting his GBMI plea without first determining he was mentally competent because he did not make any objections or raise this issue during the plea hearing—even Childs's counsel admitted she failed to object and stop the plea from going forward. *See In re Antonio H.*, 324 S.C. 120, 122, 477 S.E.2d 713, 714 (1996) (holding the issue of "whether the trial court erred in failing to make a determination of the minor's competency to enter his guilty plea" was procedurally barred because the minor defendant did not raise it at the time of the plea).

2. We hold Childs failed to preserve his argument that the plea court erred in accepting his GBMI plea without inquiring "in any depth as to [the] nature and effect of medications" Childs was taking at the time of his plea because he did not make any objections during the plea hearing and confirmed he was not under the influence of any medication, alcohol, or drugs within seventy-two hours of his plea hearing. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [plea court]."); *In re Antonio H.*, 324 S.C. at 122, 477 S.E.2d at 714 (holding the issue "whether the trial court erred in failing to make a determination of the minor's competency to enter his guilty plea" was procedurally barred because the minor defendant did not raise it at the time of the plea).

3. We hold Childs failed to preserve his argument that the plea court erred in accepting his GBMI plea without an on-the-record finding that a factual basis for the guilty plea existed because he did not raise this issue to the plea court. Moreover, Childs confirmed that he understood he could receive a maximum sentence of thirty years in prison without the possibility of parole and that no one had promised him anything or threatened him to enter his plea. *See Dunbar*, 356 S.C. at 142, 587 S.E.2d at 693 ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [plea court]."). Additionally, the State presented the factual basis for the plea and Childs did not object.

4.  We hold the plea court did not err in accepting Childs's GBMI plea because it implicitly found Childs was mentally ill by a preponderance of the evidence based upon the agreement of the parties, the testimony of an expert in forensic psychiatry, and the testimony of an expert in forensic psychology.  *See* S.C. Code Ann. § 17-24-20(D) (2014) ("A court may not accept a plea of guilty but mentally ill unless, after a hearing, the court makes a finding upon the record that the defendant proved by a preponderance of the evidence that when he committed the crime he was mentally ill as provided in [s]ection 17-24-20(A) [of the South Carolina Code (2014)].").

5.  We hold Childs failed to preserve his assertion that he was insane at the time he committed the crime because he did not raise the issue of his insanity during the plea hearing.  *See Dunbar*, 356 S.C. at 142, 587 S.E.2d at 693 ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [plea court]."); *State v. Lewis*, 328 S.C. 273, 277, 494 S.E.2d 115, 117 (1997) ("In every criminal case, it is presumed the defendant is sane.").

6.  We hold any argument about the plea court's failure to rule on the motion to withdraw the GBMI plea is not properly before this court because Childs withdrew this motion during the post-plea hearing.  *See Dunbar*, 356 S.C. at 142, 587 S.E.2d at 693 ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [plea court].").  Furthermore, we hold Childs's argument that the plea court erred in denying his motion to reconsider his sentence because the plea court did not inquire as to the terms of the plea agreement is not properly before this court because Childs raised a different argument during the post-plea hearing.  Childs asked the plea court to reconsider his sentence because the State failed to include the correct terms of the plea offer at the plea hearing, which differs from the issue on appeal; therefore, we hold the issue on appeal is not properly before this court.  *See id.* at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal.").

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.