17955

CITY OF FLORENCE, Respondent, v. John GEORGE *et al.,* Appellants

(127 S. E. (2d) 210)

*Messrs. Jenkins & Perry,* of Columbia, and *William W. Bennett,* of Florence, *for Appellants,*

*Messrs. W. H. Caldwell,* and *Richard G. Dusenbury, Solicitor,* of Florence, *for Respondent,* 

*Messrs. Jenkins & Perry,* of Columbia, and *William W. Bennett,* of Florence, *for Appellants, in Reply,* 

August 20, 1962.

BUSSEY, Justice.

On March 4, 1960, the thirty-four appellants here (all of whom were at the time Negro high school students) participated in a parade upon the public streets of the City of Florence, South Carolina. The participants carried signs on placards upon which there were various phrases, the tenor of which set forth claimed grievances against alleged discriminations, the exact contents being here immaterial. They were arrested and charged with violating Article 5, Section 47 of the Ordinances of the City of Florence, which, *inter alia,* prohibits the staging of any parade upon the public streets of the City without first obtaining a permit therefor

from the Chief of Police. Appellants had not applied for nor obtained such permit.

They were tried before the City Recorder, found guilty, and each was sentenced to pay a fine of thirty dollars or serve a sentence of thirty days in prison. The case comes before us on appeal from an order of the Resident Judge of the Twelfth Judicial Circuit who affirmed the conviction and sentences of the City Recorder.

The ordinance involved reads as follows:

"No funeral procession, or parade, excepting the forces of the United States Army or Navy, the military forces of this State, and the forces of the police and fire departments shall occupy, march or proceed along any street except in accordance with a permit issued by the chief of police and such other regulations as are set forth in this Code which may apply.

"A funeral composed of a procession of vehicles shall be identified as such by the display upon the outside of each vehicle of a pennant of a type designated by the traffic division of the police department."

There are no other regulations set forth in the City Code which have any application to the issuance of a permit for a parade and the record does not indicate any preamble to the ordinance.

It is the contention of the appellants that the aforesaid ordinance is on its face unconstitutional in violation of Article I, Sections 4 and 5, Constitution of the State of South Carolina, and the First and Fourteenth Amendments of the Constitution of the United States. Briefly stated, the contention is that the ordinance makes the peaceful enjoyment to the right of freedom of speech and assembly upon the public streets of the City of Florence contingent upon the uncontrolled will or whim of the chief of police, vesting in said official the absolute power to permit or deny said right.

The right of the people by organization to cooperate in a common effort and public demonstration or parade to attempt to influence public opinion in a peaceable manner and for a lawful purpose has long been regarded as among the fundamental rights of citizens. This right, however, is not an absolute right. On the other hand, a municipality has the authority to control the use of its public streets for parades or processions in the overall public interest so long as it gives consideration, without unfair discrimination, to time, place and manner in relation to the other proper uses of the streets. *State v. Cox,* 91 N. H. 137, 16 A. (2d) 508, 514; *Cox v. New Hampshire,* 312 U. S. 569, 61 S. Ct. 762, 85 L. Ed. 1049; *City of Darlington v. Stanley,* 239 S. C. 139, 122 S. E. (2d) 207.

The City of Florence, of course, has the aforesaid right of control, but questioned here is the manner of the exercise of said right. Does the ordinance on its face exercise that control or right so as not to deny or unwarrantedly abridge the right of assembly and free speech, or does it on its face constitute a prior restraint upon these constitutional rights?

The United States Supreme Court has consistently condemned as unconstitutional licensing systems which place in the uncontrolled discretion of the chief of police, or other administrative official, the right to be heard as well as systems which vest in an administrative official or body discretion to grant or withhold a permit or broad criteria unrelated to proper regulation of public places. *Kunz v. People of State of New York,* 340 U. S. 290, 71 S. Ct. 312, 95 L. Ed. 280; *Saia v. People of State of New York,* 334 U. S. 558, 68 S. Ct. 1148, 92 L. Ed. 1574.

There are many decisions of the United States Supreme Court dealing with abridgement or alleged abridgement of constitutional rights to freedom of speech and assembly. In the concurring opinion written by Mr. Justice Frankfurter in *Kunz v. People of New York, supra,* and two other cases, 340 U. S. 290, 71 S. Ct. 312, 328, 95 L. Ed. 280, he re-

views many of the decided cases and states certain general principles, one of which is as follows:

"Administrative control over the right to speak must be based on appropriate standards, whether the speaking be done indoors or out-of-doors. The vice to be guarded against is arbitrary action by officials. The fact that in a particular instance an action appears not arbitrary does not save the validity of the authority under which the action was taken."

It is on the authorities just cited and similar decisions that the appellants here base their case.

The respondent urges in support of the constitutionality of the particular ordinance, *City of Darlington v. Stanley, supra,* and *Cox v. New Hampshire, supra,* and the *Stanley case* was relied on by the circuit court in sustaining the convictions. Both the *Cox* and *Stanley cases,* we think, are readily distinguishable from the instant case, by the wording of the ordinance in the *Stanley case,* and the wording of the statute in the *Cox case,* the opinions of the Supreme Court of New Hampshire and of the Supreme Court of the United States in the *Cox case* being quoted from at length in the *Stanley case.*

In neither of said cases did the ordinance or the statute spell out in express terms, standards or guides for granting or refusing a license for a parade. In each instance, however, the respective courts determined from the language used, that there were implicit standards or guides, limiting the exercise of discretion by the local agencies within constitutional bounds. Such determinations, coupled with the presumption of constitutionality, were the basis upon which the ordinance and statute were upheld.

In the *Stanley case* this court recognized the general rule that a statute or ordinance which, in effect, reposes absolute, unregulated or undefined discretion in an administrative body will not be upheld. *Henderson v. City of Greenwood,* 172 S. C. 16, 172 S. E. 689; *Schloss Poster Advertising Co. v. City of Rock Hill,* 190 S. C. 92,

2 S. E. (2d) 392; *S. C. Highway Dept. v. Harbin,* 226 S. C. 585, 86 S. E. (2d) 466.

The court recognized, however, that an exception to this rule was frequently made "where it is difficult or impractical to lay down a definite or comprehensive rule or the discretion relates to the administration of a police regulation and is necessary to protect the public morals, health, safety and general welfare." 92 A. L. R. 410.

The view was expressed that the quoted exception applied in that case, but the court stressed the language of the very comprehensive ordinance there involved with reference to its purpose, its provisions and the implications to be drawn therefrom. The court further quoted with approval the language of the circuit court to the effect that the ordinance contained implicit standards although not expressly stated.

This court also quoted with approval from the opinion of the New Hampshire court in the *Cox case* as to what was implicit in the statute there involved.

Here, the ordinance is completely devoid of any language which would warrant the court in drawing any implication therefrom in favor of its constitutionality. Without any preamble, explanation or qualifying words whatsoever, it vests the absolute control of parades in the chief of police of the City. The ordinance in the *Stanley case* contained a full and comprehensive preamble as to the purpose of the ordinance; required an application which would contain various pertinent information which would be needed by the municipality in order to intelligently grant permits in keeping with the municipality's right to control parades in consideration of and relation to other proper uses of the streets; and provided that "the Mayor or City Council shall, in its discretion, issue such permit subject to the public convenience and public welfare."

The respondent contends that the appellants, not having applied for a permit, cannot now be heard to challenge the constitutionality of the ordinance. This contention is amply disposed of by the opinion in the case of *Staub v. City of Baxley*, 78 S. Ct. 277, 355 U. S. 313, 2 L. Ed. 302, wherein the court said:

"The decisions of this Court have uniformly held that the failure to apply for a license under an ordinance which on its face violates the Constitution does not preclude review in this Court of a judgment of conviction under such ordinances. *Smith v. Caboon*, 283 U. S. 553, 562, 51 S. Ct. 582, 585, 75 L. Ed. 1264 [1271]; *Lovell v. [City of] Griffin*, 303 U. S. 444, 452, 58 S. Ct. 666, 669, 82 L. Ed. 949 [954].

"The constitution can hardly be thought to deny one subjected to the restraints of such an ordinance the right to attack its constitutionality, because he has not yielded to its demands."

The ordinance in question being unconstitutional on its face, the judgment of the circuit court is hereby reversed and the case remanded for entry of judgment in favor of appellants.

Reversed and remanded.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.