## 20727

James A. McCRAY, Appellant, v.
STATE of South Carolina, Respondent.
(246 S. E. (2d) 230)

*Roy T. Stuckey, Vance L. Cowden,* and *John L. Davidson,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Sally G. Young,* Columbia, and *Sol. J. M. Long, Jr.,* Conway, *for respondent.*

July 25, 1978.

RHODES, Justice:

This appeal is from an application for post-conviction relief. The post-conviction hearing judge found that the appellant, who had been convicted of resisting arrest and assault and battery of a high and aggravated nature,[1] had been denied his right to a direct appeal from these convictions because trial counsel had refused to appeal after being requested to do so, and had not informed the appellant of the nature of his appeal rights as an indigent defendant.[2] However, the hearing judge held that he was without authority to grant a belated appeal and denied the application. On the

---

[1] The two sentences were ordered to run concurrently.

[2] The State does not appeal this finding.

appeal to this Court, the appellant contends that when there has been a denial of the right of timely direct appeal, this Court is obligated to search the trial record for error and to grant a new trial if error appears. "To assist the Court" in this regard, the appellant points to the following as grounds for overturning his convictions: (1) The attempted arrest of appellant was unlawful; (2) appellant was denied his right to effective assistance of counsel at trial; and (3), the conviction for assault and battery of a high and aggravated nature constituted double jeopardy in that this offense is inseparable from the offense of resisting arrest. For the reasons that follow, the appellant's convictions are affirmed.

This Court has pointed out on numerous occasions that "in the absence of a notice of appeal having been given and timely served this Court has no jurisdiction over such an appeal", *White v. State,* 263 S. C. 110, 119, 208 S. E. (2d) 35, 39 (1974). Thus, the hearing judge was correct in finding that he had no power to grant a belated appeal. However, where an accused establishes in a post-conviction relief proceeding that he was unconstitutionally deprived of his statutory right to a direct appeal, this Court, upon obtaining jurisdiction of the case on the post-conviction relief appeal, will review the trial record and pass upon all issues properly raised and argued just as if a direct appeal had been taken to this Court. *DeLee v. Knight,* 266 S. C. 103, 221 S. E. (2d) 844 (1975); *White v. State, supra;* and *see, Gore v. Leeke,* 261 S. C. 308, 199 S. E. (2d) 755 (1973).

Appellant relies on *White v. State, supra,* to support his assertion that when one of these "belated appeals" is before the Court, review is not limited to those questions which could have been raised on a timely direct appeal but that the Court is required to search the record for error. This contention is without merit. From a reading of *White* and the other cases cited above, we conclude that a defendant can only raise and argue on the "belated appeal"

those issues which could have been raised and argued on a timely direct appeal. We see no logical reason that would accord to an appellant on a belated appeal a greater scope of review than that accorded an appellant on a timely direct appeal. The remedy sought is simply to restore to the former the appeal rights of which he has been improperly deprived. This purpose is achieved by making their rights on appeal coextensive. Accordingly, our review of any alleged trial errors is limited to those which would have been before the Court had a timely direct appeal been taken.

The first trial error alleged by the appellant is that the trial judge erred in failing to direct a verdict in his favor because the State failed to establish the legality of the attempted arrest of the appellant. Appellant points to several particulars in which he claims the arrest was illegal; however, we need not consider them for the issue is not properly before us. At trial, the appellant made a motion for a judgment *n. o. v.* on the ground that the evidence did not support the verdict. Even were this general objection deemed sufficiently specific to preserve the grounds on which it is now alleged that the State failed to establish the legality of the arrest, no motion was made for a directed verdict. A motion for a directed verdict is a prerequisite for a subsequent motion for a judgment notwithstanding the verdict. Circuit Court Rules 76 and 79; *State v. Hinson,* 253 S. C. 607, 172 S. E. (2d) 548 (1970); *State v. Criddle,* 125 S. C. 264, 118 S. E. 424 (1923).

The appellant next contends that he was denied the effective assistance of counsel at trial. Relying on the recent case of *Marzullo v. Maryland,* 561 F. (2d) 540 (4th Cir. 1977), appellant asserts his trial counsel's representation was not within the range of competence demanded of attorneys in criminal cases. While this issue was understandably not raised at trial, neither was it asserted as a ground for relief in the appellant's postconviction relief application. Although conceding that the issue has been raised for the first time on

appeal, the appellant nevertheless contends that the issue is properly before the Court because there has been an intervening change in the law, and new changes in the law will always be applied by an appellate court where, as here, there are no additional facts to be considered.

In *Marzullo*, the Fourth Circuit Court of Appeals ■ adopted the "normal range of competency" test as the standard by which the effective assistance of counsel is to be determined, displacing the prior "farce and mockery" test. However, even assuming without deciding that the "normal range of competency" standard is applicable,[3] we do not feel a mere change in the standard applied to an ineffective representation claim relieves the appellant from timely asserting such a claim. While the appellant did contend in the application to the lower court that his counsel was incompetent in not properly advising him of his right to appeal, at no point below did he ever allege or contend that his counsel was generally incompetent in the conduct of the trial, which position he takes for the first time on this appeal. Appellant's position before us injects an entirely new element into the case, never passed upon by the lower court, which we decline to consider.

In the last question presented by the appellant, he ■ argues that the conviction for assault and battery constitutes double jeopardy in that the assault and battery is a lesser included offense of resisting arrest and inseparable from it. Although the State has argued that there was no timely objection at trial which preserved this point, we feel that, liberally construed, the appellant's motion to dismiss one of the indictments against him on the ground that there were not two distinct crimes can be deemed to have preserved this issue for review.

Briefly, the facts material to this issue as viewed in the light most favorable to the State, are as follows: Late one night, a policeman for the City of Conway attempted to

[3] *State v. Pendergrass*, S. C., 239 S. E. (2d) 750 (1977).

arrest the appellant outside a local night club. After being informed he was under arrest, the appellant "snatched away" from the officer and went towards the club. The officer, after observing the appellant's brother approaching from the rear, returned to his patrol car and radioed for assistance. In the meantime, the appellant entered the club. After other officers had arrived, the officer who attempted the initial arrest approached the appellant, who was then standing in the front door of the club, and attempted to arrest him and was kicked by him. The officers then followed appellant into the club in an attempt to apprehend him and a fight ensued between the appellant and officers during which the appellant succeeded in taking a pistol from one of the officers. While the officers had been attempting to subdue the appellant, the appellant's brother had also taken a pistol from an officer. With this turn of events, the officers left the club whereupon the appellant appeared at the front door and fired at the officer from whom he had taken the pistol. Appellant was next seen at the rear of the building "snapping the gun" at the officers.

Citing *State v. Hollman,* 232 S. C. 489, 102 S. E. (2d) 873 (1958), the appellant asserts that where the resistance of arrest is by force, the resulting assault and battery cannot constitute a separate offense. While we agree with this general proposition, we do not feel this case factually falls within it.

In *Hollman,* which also involved the question of whether resisting arrest and assault and battery constituted separate offenses, the defendant, after being told he was under arrest and submitting thereto in an orderly manner, suddenly attacked the officer. The Court stated that resisting arrest may take the form of an assault and battery upon the officer or it may be passive, for use of force is not an essential ingredient of the offense. Given the facts stated above, the Court concluded that the defendant had resisted arrest by violently attacking the arresting officer and that the defendant's "assault upon the officer was the essence of, and inseparate from, his resistance of arrest," *Id.,* 102 S. E. (2d) at 884.

The Court in *Hollman*, however, clearly left open the question involved in the present case when it stated: "We need not speculate on whether appellant in the case at bar might properly have been punished as for two separate crimes, under the two counts of the indictment, if he had first passively, and thereafter violently, resisted his arrest. There is no evidence here of passive or non-violent resistance . . .." *Id.*

■ In the present case, the appellant at first resisted arrest non-violently by "snatching away" from the arresting officer. When the officer later approached him at the doorway to the club, the resistance to arrest took on a violent form. Under the principles set out in *Hollman*, we conclude that two separate offenses are present. The same evidence is not required to sustain them, *Id.*, 102 S. E. (2d) at 883, and "there are distinct elements in one offense which are not included in the other", *Id.*, 102 S. E. (2d) at 880. As pointed out above, the use of force is not an essential element of the offense of resisting arrest. Therefore, the initial non-violent resistance is separable from the subsequent assault and battery and two distinct offenses were committed.

The appellant's convictions are affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.