21726

The STATE, Respondent, v. William Michael McKINNEY, Appellant.

(292 S. E. (2d) 598)

*Asst. Appellate Defender David W. Carpenter*, of *S. C. Commission of Appellate Defense*, Columbia, *for appellant*.

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Lindy P. Funkhouser* and *Martha L. McElveen*, Columbia, and *Acting Sol. William B. Traxler, Jr.*, Greenville, *for respondent*.

June 9, 1982.

*Per Curiam:*

Appellant pleaded guilty to aggravated assault and battery and was sentenced to nine (9) years' imprisonment, suspended upon the service of three (3) years and five (5) years' probation. Appellant now alleges his guilty plea was not knowingly and intelligently entered. We dismiss the appeal for the reason set forth below.

Appellant failed to assert before the trial court that his guilty plea was not knowing and intelligent as required by *Boykin v. Alabama*, 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. (2d) 274 (1969). In *State v. Bradley*, 263 S. C. 223, 209 S. E. (2d) 435 (1974), we held failure to object at trial to the involuntary nature of a guilty plea precludes consideration of the issue on appeal. We now extend that holding to include the unknowing nature of a plea, especially where, as in the present case, a defendant is represented by counsel. Our refusal to hear this issue on direct appeal is consistent with the general rule requiring a contemporaneous objection. *State v. Sullivan*, S. C. 282 S. E. (2d) 838 (1981). That rule can be applied to federal constitutional claims. *Wainwright v. Sykes*, 433 U. S. 72, 97 S. Ct. 2497, 53 L. Ed. (2d) 594 (1977).

Absent timely objection at a plea proceeding, the unknowing and involuntary nature of a guilty plea can only be attacked through the more appropriate channel of Post-Conviction Relief.

Appeal dismissed.