THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Emmett Eddy,       
Appellant.
 
 
 

Appeal From Richland County
James C. Williams, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-708
Submitted September 17, 2003  Filed December 9, 2003 

APPEAL DISMISSED

 
 
 
Assistant Appellate Defender Aileen P. Clare, Office of 
 Appellate Defense, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. 
 McIntosh, Assistant Deputy Attorney General Charles H. Richardson;  and Solicitor 
 Warren Blair Giese, all of Columbia, for Respondent.
 
 
 

PER CURIAM: Defendant Eddy appeals from the condition of his plea agreement 
 that bars him from entering the state capital grounds. We affirm. 
FACTS
On April 17, 2003 Defendant Emmett Eddy climbed 
 a latter to the Confederate Flag and set the flag on fire. He was then charged 
 with defacing a public monument. Eddy appeared before Judge Williams. After 
 extensive questioning by the judge to both Eddy and his attorney, Eddy pled 
 guilty to the charge and was sentenced to two years imprisonment, suspended 
 to probation for the two years. One of the conditions of his probation was a 
 requirement that he not enter the state house grounds. The security officers 
 had requested that condition because Eddy had previously handcuffed himself 
 to a monument on the state house grounds. Eddy is appealing that condition. 

 
 ISSUE
Is the condition of Eddys probation unreasonable 
 because it violates Eddys constitutional right to petition the government? 

 ANALYSIS
Probation is a matter of grace. State v. Hamilton, 
 333 S.C. 642, 648, 511 S.E.2d 94, 96, 97 (Ct. App. 1999). However, a court may 
 not impose conditions that are unreasonable or disproportionate. It is well 
 settled law that South Carolina citizens are entitled have a constitutional 
 right to petition the government. See U.S. Const. Amends. 1,14; S.C. 
 Const., Art. I § 2; Shuttlesworth v. City of Birmingham, 394 U.S. 147 
 (1969). But that right is not absolute. See City of Darlington v. 
 Stanley, 239 S.C. 139, 139, 122 S.E.2d 207, 109 (1961); City of Florence 
 v. George, 241 S.C. 77, 127 S.E.2d 210, 211 (1962).   
Here, Eddy had prior run-ins with law enforcement involving 
 the state house grounds. Additionally, the judge found that Eddy understood 
 the charge he was facing and willingly accepted the probation plea agreement, 
 including the restriction about the state house grounds. Moreover, Eddy has 
 failed to show how his right to petition the government has been violated. The 
 conditions of his probation do not prevent him from protesting outside of the 
 state house grounds in the same manner as any other protester. Therefore, the 
 restriction imposed by the trial judge is not unreasonable or disproportionate. 
 The judge acted within his discretion and was not arbitrary. See Hamilton, 
 333 S.C. 647, 511 S.E.2d 96 (This [C]ourts authority to review [a probation] 
 decision is confined to correcting errors of law unless  the circuit judges 
 decision was arbitrary and capricious.).
Moreover, an appellant, if he is to properly preserve the 
 defectiveness of a plea agreement for appellate review, must raise that claim 
 before the trial court. State v. Mckinney, 278 S.C. 107, 107, 292 S.E.2d 
 598, 598 (1982). That principle is consistent with the general rule requiring 
 a contemporaneous objection and applies even when the objection involves federal 
 constitutional claims. Id. Counsels petition to be relieved is granted.
Appeal Dismissed.
Huff, Stilwell, and Beatty, JJ., concur.