PREHEARING REPORT

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Marcus K. Wilson, Appellant.
 
 
 

Appeal From Richland County
 Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2006-UP-298
Submitted June 1, 2006  Filed June 27, 2006  

AFFIRMED

 
 
 
 Jack B. Swerling, of Columbia and Katherine Carruth Link, of W. Columbia, for Appellant.
 Attorney General Henry Dargan McMaster,Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., Office of the Attorney General, of Columbia, Warren Blair Giese, Fifth Circuit Solicitors Office, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Marcus K. Wilson appeals the trial courts acceptance of his guilty plea and denial of his motion for a new trial.  We affirm. 
FACTS      
From October 2003 until November 2003, Wilson had contact with a younger female (Victim).  During this time, Wilson drugged Victim, engaged in sex acts with her, and took photos of her in sexy posses and of her genitals.  On November 23, 2003, Victims family reported Wilsons conduct to the police.  Victims family stated Victim was sixteen years old when Wilson engaged in the conduct with Victim.  This claim was supported by a birth certificate (Certificate One) showing Victims date of birth as March 15, 1987.   
During his preparation for trial, Wilson obtained a birth certificate (Certificate Two) that he claimed stated Victims date of birth as March 2, 1985.  Wilson claimed this proved Victim was eighteen when he engaged in the conduct with her.  However, there were discrepancies between the names of the child, mother, and father listed on Certificate Two and the names of Victim, Victims mother, and Victims father.  A copy of Certificate Two was sent to the solicitors office on August 23, 2004.  Due to the discrepancy in the dates on the two birth certificates, Wilson sought authentication.  Victim is originally from the Republic of Liberia, and both certificates purported to be issued by Liberian officials.  In early September, Wilson contacted the Embassy of the Republic of Liberia about authenticating Certificate Two.           
On September 20, 2004, Wilson pleaded guilty to sexual exploitation of a minor in the third degree and to contributing to the delinquency of a minor.  Pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), he also pleaded without admitting guilt to criminal sexual conduct in the third degree.  Wilson was sentenced to ten years for criminal sexual conduct in the third degree, five years for sexual exploitation of a minor in the third degree to be served consecutively with the criminal sexual conduct sentence, and three years for contributing to the delinquency of a minor to be served concurrently with the criminal sexual conduct sentence.      
On September 21, 2004, the Embassy of the Republic of Liberia certified Certificate Two as being authentic.  On September 24, 2004, Wilson moved to have his sentence reconsidered and reduced.  On October 18, 2004 the Embassy of the Republic of Liberia issued a letter to Wilson declaring Certificate One to be null and void.  Based on the authentication of Certificate Two and the declaration that Certificate One was null and void, Wilson, on November 23, 2004, moved for a new trial based on after-discovered evidence.     
The motions were argued to the court on December 10, 2004.  Victims father testified that Victim was born March 15, 1987.  Victims Uncle testified that the first time he saw Victim was in February 1989, and Victim appeared, at that time, to be a child of two years old or younger.  On February 8, 2005, the court denied Wilsons motion for a new trial and modified his sentence so all convictions would run concurrently.  Wilson appeals this denial and appeals the trial courts acceptance of his guilty plea claiming that it was not made knowingly, intelligently, or voluntarily.
ANALYSIS
A.  After-Discovered Evidence
Wilson argues the authentication of Certificate Two is after-discovered evidence, and therefore, the trial court should have granted his motion for a new trial.  We disagree.  
The denial of a motion for a new trial will not be reversed absent an abuse of discretion.  State v. South, 310 S.C. 504, 507, 427 S.E.2d 666, 668 (1993).  To be successful, the party seeking a new trial based on after-discovered evidence must show that the evidence: 1) would probably change the result if a new trial is had; 2) has been discovered since trial; 3) could not have been discovered before trial; 4) is material to the issue of guilt or innocence; & 5) is not merely cumulative or impeaching.  State v. Spann, 334 S.C. 618, 619, 513 S.E.2d 98, 99 (1999). 
Wilson had Certificate Two since early August 2004, and he sought authentication from the Embassy of the Republic of Liberia in early September 2004.  Therefore, he had certificate two before he plead guilty on September 20, 2004.  The only thing that Wilson received after he plead was certification that Certificate Two was authentic as to the person listed on it.  
If Wilson wished to put the issue of the validity of Certificate One or Two before the court, he should have moved for a continuance.  He was well aware of the discrepancies between the birth certificates, and instead of asking for additional time he decided to plea guilty and enter an Alford plea.  Therefore, Wilson can not show that the evidence has been discovered since trial or that it could not have been discovered before trial.   
B.  The Guilty Plea
Wilson argues his plea was not entered into knowingly, intelligently, or voluntarily and is void as a violation of due process because he did not know certificate two would be authenticated by the Republic of Liberia.  We disagree.
Pleas are void as a violation of due process unless they are entered into knowingly, intelligently, and voluntarily.  Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969); Burnett v. State, 352 S.C. 589, 591, 576 S.E.2d144, 145 (2003).  Absent a timely objection during the plea proceeding, the unknowing and involuntary nature of a plea can only be attacked through the channel of Post Conviction Relief.  State v. McKinney, 278 S.C. 107, 108, 292 S.E.2d 598, 599 (1982).
Wilson claims that his plea could not have been entered into knowingly, intelligently, or voluntarily and is void as a violation of due process because he did not know certificate two would be authenticated by the Republic of Liberia.  The State correctly points out that Wilson failed to object during the plea proceedings.  Therefore, Wilson has waived consideration of this issue on appeal.  Absent an objection at the plea proceeding, the unknowing and involuntary nature of a guilty plea will not be considered on appeal.  Id.  See also State v. Barton, 325 S.C. 522, 481 S.E.2d 439 (Ct. App. 1997) (stating the proper avenue through which to challenge a guilty plea which was not objected to at the time of its entry is through post-conviction relief).  Accordingly, the trial courts order is 
AFFIRMED.
KITTREDGE, SHORT, and WILLIAMS, J.J., concur.