THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Brian Keith
 Nesbitt, Appellant.
 
 
 

Appeal From Spartanburg County
 J. Mark Hayes, II, Circuit Court Judge
Unpublished Opinion No. 2008-UP-092
Submitted February 1, 2008  Filed
 February 8, 2008    
AFFIRMED

 
 
 
 Chief Attorney Joseph L. Savitz, III, of Columbia; for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 and Assistant Attorney General Norman Mark Rapoport, all of Columbia; and
 Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER CURIAM: Brian Keith Nesbitt entered an Alford[1] plea to two counts of assault and battery of a high and aggravated nature
 (ABHAN) and two counts of resisting arrest.  Nesbitt appeals, arguing his
 persistent denial of the States factual allegations rendered his plea invalid. We affirm[2] pursuant to Rule 220(b), SCACR, and the following authorities:  North Carolina v. Alford, 400 U.S. 25, 37 (1970)
 ([W]hile most pleas of guilty consist of both a waiver of trial and an express
 admission of guilt, the latter element is not a constitutional requisite to the
 imposition of criminal penalty. An individual accused of crime may voluntarily,
 knowingly, and understandingly consent to the imposition of a prison sentence
 even if he is unwilling or unable to admit his participation in the acts
 constituting the crime.); State v. McKinney, 278 S.C. 107, 108, 292
 S.E.2d 598, 599 (1982) (Absent timely objection at a plea proceeding, the
 unknowing and involuntary nature of a guilty plea can only be attacked through
 the more appropriate channel of Post-Conviction Relief.).  
AFFIRMED.
HEARN,
 C.J., and PIEPER, J., and CURETON, A.J., concur.

[1] North Carolina v. Alford, 400 U.S. 25 (1970).
[2] We decide this
 case without oral argument pursuant to Rule 215, SCACR.