THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Ronnie Mills, Appellant.
 
 
 

Appeal From Florence County
Honorable Michael G. Nettles, Circuit
 Court Judge
Unpublished Opinion No. 2008-UP-101
Submitted February 1, 2008  Filed
 February 12, 2008   
AFFIRMED

 
 
 
 Appellate Defender LaNelle C. DuRant, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior
 Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and
 Solicitor Edgar Lewis Clements, III, of Florence, for Respondent.
 
 
 

PER CURIAM:  Ronnie
 Mills (Appellant) pled guilty to second-degree burglary and strong armed
 robbery.  He was sentenced to concurrent terms of fifteen years in prison for
 each offense.  On appeal, Appellant argues his plea was not voluntarily and
 intelligently given because, although the plea judge advised him that
 second-degree burglary was a violent offense, the judge did not advise him that
 it is a serious charge and therefore a strike under the three strikes law. 
 We affirm pursuant to Rule 220(b)(2), SCACR and the following authorities:  State v. Dunbar,
 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) (In order for an issue
 to be preserved for appellate review, it
 must have been raised to
 and ruled upon by the trial
 judge.  Issues not raised and ruled upon in the trial
 court will not be considered on appeal.); State v. McKinney, 278 S.C. 107, 108, 292 S.E.2d 598, 599 (1982)
 (Absent timely objection at a plea proceeding, the unknowing and involuntary
 nature of a guilty plea can only be attacked through the more appropriate
 channel of Post-Conviction Relief.).  
AFFIRMED.[1]
HUFF,
 KITTREDGE, and WILLIAMS, JJ., concur. 

[1]  This case is decided without oral argument pursuant
 to Rule 215, SCACR.