THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Antwan Salters, Appellant.
 
 
 

Appeal From Spartanburg County
 Daniel F. Pieper, Circuit Court Judge
 J. Derham Cole, Circuit Court Judge
Unpublished Opinion No. 2008-UP-129
Submitted February 1, 2008  Filed
 February 20, 2008    
AFFIRMED

 
 
 
 Appellate Defender LaNelle C. DuRant, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka,
 and Senior Assistant Attorney General William Edgar Salter, III, all of
 Columbia; and Solicitor Harold W. Gowdy, III, of Spartanburg; for Respondent.
 
 
 

PER CURIAM: Antwan Salters pled guilty to murder, armed robbery,
 and assault and battery with intent to kill.  On appeal, Salters argues he was
 not informed of the full consequences of his guilty plea because the plea judge
 did not inform him of his parole ineligibility on the sentence imposed for each
 of the crimes or that he would have to serve the full life sentence for
 murder.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  State v.
 Passaro, 350 S.C. 499, 505-06, 567 S.E.2d 862, 866 (2002) (explaining that
 a freely and voluntarily entered plea of guilty acts as a waiver of all
 non-jurisdictional defects and defenses); State v. McKinney, 278 S.C.
 107, 108, 292 S.E.2d 598, 599 (1982) (Absent timely objection at a plea
 proceeding, the unknowing and involuntary nature of a guilty plea can only be
 attacked through the more appropriate channel of Post-Conviction Relief.). 
 
AFFIRMED.
ANDERSON,
 SHORT, and THOMAS, JJ., concur. 

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.