THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Steven Roy
 Earley, Petitioner,
 
 
 

v.

 
 
 
 State of South Carolina, Respondent.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Lexington County
Mark H. Westbrook, Circuit Court Judge
 Clyde N. Davis, Jr., Post-Conviction
Relief Judge

Memorandum Opinion No. 2008-MO-041
 Submitted September 18, 2008  Filed
October 27, 2008

AFFIRMED

 
 
 
 Appellate Defender Robert M. Pachak, South Carolina Commission on Indigent
 Defense, of Columbia, for Petitioner.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Daniel E. Grigg, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Steven Roy Earley
 pled guilty in 2003 to a charge of murder.  The plea judge sentenced Earley to
 thirty years in prison pursuant to a plea agreement.  Earley did not file a
 direct appeal.  He subsequently filed a PCR application alleging ineffective
 assistance of counsel.  Among other things, Earley asserted counsel failed to
 file an appeal.  The PCR judge denied the application, finding counsel was not
 ineffective.  This Court granted Earleys petition for a writ of certiorari and
 granted him a belated appeal pursuant to White v. State, 263 S.C. 110,
 208 S.E.2d 35 (1974).  
Earley has now
 filed a brief for his belated appeal in which he argues that his guilty plea
 was not knowingly and voluntarily entered as required by Boykin v. Alabama,
 395 U.S. 238 (1969).  Specifically, Earley contends (1) he was not advised
 that if he were tried by a jury the verdict would have to be unanimous, and (2)
 the plea in this case was supported by only two pages of facts.
We
 affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:  State
 v. McKinney, 278 S.C. 107, 292 S.E.2d 598 (1982) (holding the unknowing and
 involuntary nature of a guilty plea cannot be attacked on direct appeal absent
 a timely objection on this basis at the plea proceeding); McCray v. State,
 271 S.C. 185, 188, 246 S.E.2d 230, 231 (1978) (stating, in the context of a
 belated appeal under White, a defendant can . . . raise and argue on
 the belated appeal [only] those issues [that] could have been raised and
 argued on a timely direct appeal); State v. Lambert, 266 S.C. 574, 579,
 225 S.E.2d 340, 342 (1976) (holding a plea judge need not direct the
 defendants attention to each and every constitutional right and obtain a
 separate waiver of each and that an enumeration of specific rights waived is
 not required where the record otherwise reveals affirmative awareness of the
 consequences of a guilty plea).
AFFIRMED.
TOAL,
 C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.