THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Kevin Thompson, Appellant.
 
 
 

Appeal From Lancaster County
 Brooks P. Goldsmith, Circuit Court Judge

Unpublished Opinion No. 2008-UP-609
 Submitted November 3, 2008  Filed
November 6, 2008    

AFFIRMED

 
 
 
 Appellate Defender Eleanor Cleary, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Deborah R.J. Shupe, all of Columbia; Solicitor Douglas A.
 Barfield, Jr., of Lancaster, for Respondent.
 
 
 

PER CURIAM:  Kevin Thompson appeals his conviction for possession of crack cocaine
 with intent to distribute and possession of cocaine with intent to distribute. 
 Thompson also appeals guilty pleas to five other drug charges he made during
 his sentencing hearing for his drug convictions.  Specifically, Thompson argues
 the trial court erred in admitting certain evidence and refusing to grant his
 motion for a mistrial.  Further, Thompson argues his guilty pleas should be
 vacated because his trial convictions should be vacated.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  
1. 
 As to whether the trial court erred in admitting evidence and failing to grant
 a mistrial:  State v. George, 323 S.C. 496, 510, 476 S.E.2d 903, 912
 (1996) (No issue is preserved for appellate review if the objecting party
 accepts the [courts] ruling and does not contemporaneously make an additional
 objection to the sufficiency of the curative charge or move for a mistrial.); State
 v. Patterson, 337 S.C. 215, 226, 522 S.E.2d 845, 850 (Ct. App. 1999)
 (Because a trial courts curative instruction is considered to cure any error
 regarding improper testimony, a party must contemporaneously object to a
 curative instruction as insufficient or move for a mistrial to preserve an
 issue for review.).  
2. 
 As to Thompsons guilty pleas:  State v. McKinney, 278 S.C. 107, 108,
 292 S.E.2d 598, 599 (1982) (holding absent timely objection at plea proceeding,
 unknowing and involuntary nature of guilty plea can be attacked only through
 post-conviction relief); State v. Truesdale, 278 S.C. 368, 370, 296
 S.E.2d 528, 529 (1982); (Pleas of guilty are unconditional, and if an
 accused attempts to attach any condition or qualification thereto, the trial
 court should direct a plea of not guilty.).  
AFFIRMED.
ANDERSON, HUFF, and THOMAS, JJ., concur.

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.