THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Cedric Kearse, Appellant.
 
 
 

Appeal From Orangeburg County
Kristi Lea Harrington, Circuit Court Judge

Unpublished Opinion No.  2010-UP-329
 Submitted June 1, 2010  Filed June 28,
2010

AFFIRMED

 
 
 
 Appellate Defender Lanelle Cantey Durant, of Columbia, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 and Assistant Attorney General William M. Blitch, Jr., all of Columbia; Solicitor
 David M. Pascoe, Jr., of Summerville, for Respondent.
 
 
 

PER CURIAM:  Cedric Kearse appeals his conviction for
 trafficking in cocainesecond offense, possession with the intent to distribute
 crack cocainesecond offense, and failure to stop for a blue light.  He argues
 the plea court erred in: (1) denying his motion to relieve counsel; and (2)
 accepting his guilty plea because it was not knowingly and voluntarily entered
 into.  We affirm.[1]          
1. 
 As to whether the plea court erred in denying Kearse's motion to relieve
 counsel:  The plea court conducted a sufficient inquiry into the basis of
 Kearse's complaints against plea counsel.  Although Kearse believed he did not
 have adequate time to speak with plea counsel and felt pressed to proceed to trial,
 none of his objections prevented him from communicating with his attorney or
 precluded plea counsel from adequately defending him.  The plea court also
 inquired regarding plea counsel's preparations for trial, and determined plea
 counsel was prepared to go forward with the case.  Accordingly, the plea court
 did not abuse its discretion in denying Kearse's motion to relieve counsel.  See State v. Childers, 373 S.C. 367, 372, 645 S.E.2d 233, 235 (2007) ("A
 motion to relieve counsel is addressed to the discretion of the trial judge and
 will not be disturbed absent an abuse of discretion."); State v. Sims,
 304 S.C. 409, 414, 405 S.E.2d 377, 380 (1991) (holding an appellate court may
 consider several factors in determining whether the trial court abused its
 discretion in a motion for substitution of counsel: timeliness of the motion,
 adequacy of the trial judge's inquiry into the defendant's complaint, and
 whether the attorney-client conflict was so great that it resulted in a total
 lack of communication, thereby preventing an adequate defense).      
2. 
 As to whether the plea court erred in accepting his guilty plea because it was
 not knowingly and voluntarily entered into:  This issue is not preserved for
 our review because Kearse failed to object during the guilty plea.  See State
 v. McKinney, 278 S.C. 107, 108, 292 S.E.2d 598, 599 (1982) (holding the
 voluntariness of a guilty plea must be raised by objection to the trial court
 in order to be preserved for appeal).
AFFIRMED.
FEW, C.J., THOMAS, and PIEPER, JJ., concur.

[1]  We decide this case without oral argument
 pursuant to Rule 215, SCACR.