**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Travis Jacqueese McFadden, Appellant.

Appellate Case No. 2016-002531

———————

Appeal From Sumter County
W. Jeffrey Young, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-192
Submitted May 1, 2020 – Filed June 24, 2020

———————

**AFFIRMED**

———————

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant
DeputyAttorney General William M. Blitch, Jr., and Assistant
Attorney General Vann Henry Gunter, Jr., all of Columbia, and
Solicitor Ernest Adolphus Finney, III, of Sumter, for Respondent.

———————

**PER CURIAM:** Travis Jacqueese McFadden asserts on appeal his guilty plea was
not voluntary because the State did not disclose a sentencing recommendation to
the plea court. We affirm pursuant to Rule 220(b), SCACR, and the following

authorities: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [plea] judge.  Issues not raised and ruled upon in the [plea] court will not be considered on appeal."); *State v. McKinney*, 278 S.C. 107, 108, 292 S.E.2d 598, 599 (1982) (requiring an appellant assert the involuntariness of a guilty plea before the trial court to preserve the issue for appellate review).

**AFFIRMED.**[1]

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.