**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jake Dale Lake, Appellant.

Appellate Case No. 2016-000976

Appeal From Lexington County
Roger M. Young, Sr., Circuit Court Judge

Unpublished Opinion No. 2020-UP-211
Submitted June 1, 2020 – Filed July 8, 2020

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William Frederick Schumacher, IV,
both of Columbia; and Solicitor Samuel R. Hubbard, III,
of Lexington, all for Respondent.

**PER CURIAM:** Jake Dale Lake appeals the plea court's acceptance of his guilty plea for attempted murder, arguing the plea court erred in finding his guilty plea was voluntary and knowing because the record shows he did not understand that a

specific intent to kill was a necessary element of attempted murder. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *State v. McKinney*, 278 S.C. 107, 108, 292 S.E.2d 598, 599 (1982) ("[F]ailure to object at trial to the involuntary [and unknowing] nature of a guilty plea precludes consideration of the issue on appeal."); *id.* ("Absent timely objection at a plea proceeding, the unknowing and involuntary nature of a guilty plea can only be attacked through the more appropriate channel of [PCR]."); *In re Antonio H.*, 324 S.C. 120, 122, 477 S.E.2d 713, 714 (1996) ("The proper avenue in which to challenge a guilty plea which is not objected to at the time of its entry is through [PCR]."); *State v. Barton*, 325 S.C. 522, 530 n.6, 481 S.E.2d 439, 443 n.6 (Ct. App. 1997) (stating any challenge to the knowing and voluntary nature of the appellant's guilty plea not raised at the plea hearing could be raised only in a petition for PCR); *State v. Felder*, 290 S.C. 521, 522, 351 S.E.2d 852, 852 (1986) (finding PCR, rather than direct appeal, is the proper avenue for allegations of ineffective assistance of counsel).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and GEATHERS and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.