**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Anthony Derone Richardson, Appellant,

v.

State of South Carolina, Respondent.

Appellate Case No. 2017-002385

————————

Appeal From Union County
John C. Hayes, III, Plea Judge
Letitia H. Verdin, PCR Judge

————————

Unpublished Opinion No. 2021-UP-011
Submitted October 1, 2020 – Filed January 20, 2021

————————

**APPEAL DISMISSED**

————————

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Brianna L. Schill, of Columbia, for Respondent.

————————

**PER CURIAM:** Petitioner seeks a writ of certiorari from the denial of his application for post-conviction relief (PCR). Because there is sufficient evidence to support the PCR court's finding that Petitioner did not knowingly and

intelligently waive his right to a direct appeal, we grant certiorari as to Petitioner's PCR issue and proceed with a review of his direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986). We deny certiorari as to Petitioner's pro se issue.

On direct appeal, Petitioner argues the plea court erred in accepting his guilty pleas as knowingly and voluntarily entered because sentencing consequences were not explained to him during the plea proceeding. However, because no contemporaneous objection was made, this issue is unpreserved for appellate review. *See McCray v. State*, 271 S.C. 185, 187-88, 246 S.E.2d 230, 231 (1978) ("A defendant can only raise and argue on the 'belated appeal' those issues which could have been raised and argued on a timely direct appeal."); *State v. Carlson*, 363 S.C. 586, 595, 611 S.E.2d 283, 287 (Ct. App. 2005) ("A contemporaneous objection is required to preserve issues for direct appellate review."); *State v. McKinney*, 278 S.C. 107, 108, 292 S.E.2d 598, 599 (1982) ("Absent timely objection at a plea proceeding, the unknowing and involuntary nature of a guilty plea can only be attacked through the more appropriate channel of [PCR]."); *In re Antonio H.*, 324 S.C. 120, 122, 477 S.E.2d 713, 714 (1996) ("The proper avenue in which to challenge a guilty plea which is not objected to at the time of its entry is through [PCR]."). Accordingly, after review pursuant to *Anders v. California*, 386 U.S. 738 (1967), we dismiss Petitioner's direct appeal. Counsel's motion to be relieved is granted.

**APPEAL DISMISSED.**[1]

**KONDUROS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.