**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Calvin Lee Phillips, III, Appellant.

Appellate Case No. 2018-001031

———

Appeal From Spartanburg County
J. Mark Hayes, II, Circuit Court Judge

———

Unpublished Opinion No. 2021-UP-078
Submitted February 1, 2021 – Filed March 10, 2021

———

**AFFIRMED**

———

William G. Yarborough, III and Lauren Carole Hobbis, both of William G. Yarborough III, Attorney at Law, LLC, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

———

**PER CURIAM:** Calvin Lee Phillips, III, appeals his convictions and concurrent sentences of twenty years' imprisonment for kidnapping, twenty years for

attempted armed robbery, fifteen years for second-degree burglary, ten years for first-degree assault and battery, and five years for possession of a weapon during the commission of a violent crime. On appeal, Phillips argues the plea court abused its discretion by accepting his guilty plea as being knowingly, intelligently, and voluntarily entered despite his contention he was advised of neither the elements the State must prove beyond a reasonable doubt at trial for each charge nor the implications of his guilty plea on his prior sentence under the Youthful Offender Act. This issue is not preserved for appellate review because it was not raised to or ruled upon by the plea court. Further, neither Phillips nor his plea counsel objected to the advisements given by the plea court or otherwise took issue with the plea court's performance or conduct. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. Issues not raised and ruled upon in the trial court will not be considered on appeal."); *State v. McKinney*, 278 S.C. 107, 108, 292 S.E.2d 598, 599 (1981) (holding that failure to assert before the plea court that a guilty plea was not knowing and intelligent precludes consideration of the issue on appeal).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.